UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>DALIP SINGH NIJJAR<br><br>Debtor.<br><br>VIRPAL K. NIJJAR, VK NIJJAR FARMS, LLC, and NIJJAR FARMS, INC.,<br><br>Appellants,<br><br>v.<br><br>JAMES E. SALVEN, Chapter 7 Trustee,<br><br>Appellee. | No. 1:18-cv-01691-DAD<br><br>Appeal from the United States Bankruptcy Court for the Eastern District of California, Fredrick E. Clement, Bankruptcy Judge<br><br>Bankruptcy Petition No. 17-12781-A-7<br><br>Adversary Proceeding No. 17-01066<br><br><u>ORDER AFFIRMING THE BANKRUPTCY COURT'S AWARD OF ATTORNEYS' FEES</u><br><br>(Doc. No. 1) |

The matter is before the court on appeal by Virpal K. Nijjar, NK Njjar Farms, LLC, and Nijjar Farms, Inc. (collectively the "appellants") from a November 28, 2018 order (the "Order") by the U.S. Bankruptcy Court for the Eastern District of California granting appellee James E. Salven's motion for attorneys' fees. The court has reviewed the briefing filed in connection with the appeal and deems the matter suitable for decision on the papers. *See* Fed. R. Bankr. P. 8019(b); Fed. R. Civ. Pro. 78(b); Local Rule 230(g). For the reasons set forth below, the court affirms the Order of the bankruptcy court.

1

# BACKGROUND

This matter arises from an adversary proceeding (the "Proceeding") related to the bankruptcy case filed by Dalip S. Nijjar (the "Debtor"), Virpal K. Nijjar's ex-husband. *See Nijjar v. Salven* (*In re Nijjar*), No. 17-01066 (Bankr. E.D. Cal. 2016); *In Re Nijjar*, No. 17-12781 (Bankr. E.D. Cal. 2016). The Proceeding, in which appellee, a Chapter 7 Trustee, seeks to recover real property and interests in VK Nijjar Farms, LLC and Nijjar Farms, Inc., is premised on the claim that Dalip Nijjar and Virpal Nijjar engaged in a sham divorce in an attempt to insulate certain of their assets from bankruptcy. *See Nijjar v. Salven* (*In re Nijjar*), No. 17-01066 (Bankr. E.D. Cal. 2016).

As part of the Proceeding, appellee issued requests for production to appellants on June 12 and 15, 2018. (Doc. No. 8 at 7.) Due to delays and disagreements over the scope of discovery, the parties became enmeshed in a discovery dispute, leading appellee to file a motion to compel production of 23 items on August 29, 2018. (*Id.* at 10); *Nijjar v. Salven* (*In re Nijjar*), No. 17-01066 (Doc. No. 196). After a hearing on September 26, 2018, the bankruptcy court entered an order on September 28, 2018 compelling appellants' production of 20 of the 23 items requested by appellee. (Doc. No. 8 at 11); *Nijjar v. Salven* (*In re Nijjar*), No. 17-01066 (Doc. Nos. 209–11; 213). Appellee then filed a motion for attorneys' fees pursuant to Federal Rule of Civil Procedure ("FRCP") 37(a)(5), which the bankruptcy court granted on November 28, 2018 at the conclusion of the hearing on the motion. *Nijjar v. Salven* (*In re Nijjar*), No. 17-01066 (Doc. Nos. 214; 222–24). Specifically, the bankruptcy court ordered that Virpal Nijjar pay $16,747.11 in attorneys' fees; VK Nijjar Farms, LLC, $6,441.20 in attorneys' fees; and Nijjar Farms, Inc., $2,576.48 in attorneys' fees —all to Fear Waddell, P.C., appellee's counsel (the "Order"). (*Id.* at Doc. No. 224.) The court also ordered that appellants' law firm, Gilmore Magness Janisse ("GMJ"), be held jointly and severally liable for the abovementioned attorneys' fees. (*Id.*) Appellants and GMJ now appeal from the Order.

/////
/////
/////

**JURISDICTION**

As a threshold issue, the court must determine whether it should hear this appeal. Appellants and GMJ argue that an appeal from an award of attorneys' fees is immediately appealable as to counsel and appealable with leave of the court as to the parties. (Doc. No. 7 at 9–10.) Appellee contends that the appeal is not properly before this court because: 1) GMJ only appealed the Order as counsel, not as appellant; and 2) appellants failed to seek leave of the court before pursuing their appeal. (Doc. No. 8 at 14–15.)

Appeals from the bankruptcy court to the district court are governed by 28 U.S.C. § 158. Appeals of final orders are by right, whereas appeals of interlocutory orders require leave of court. 28 U.S.C. § 158(a)(1)–(3); Fed. R. Bankr. P. 8003–04.

Appellants are appealing an order awarding attorneys' fees entered pursuant to Federal Rule of Civil Procedure 37, which, when imposed on *parties*, is "normally . . . considered to be interlocutory." *David v. Hooker, Ltd.*, 560 F.2d 412, 416 n.6 (9th Cir. 1977); *see also Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1221 n. 3 (9th Cir. 2018). Appellants were thus required to seek leave of the court, which they failed to do. *See* 28 U.S.C. § 158(a)(3); Fed. R. Bankr. P. 8004. The court will nonetheless treat their appeal as a motion seeking leave to appeal and grant that motion pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 8004(d).

Appellee does not dispute that GMJ had the right to immediately appeal the order awarding attorneys' fees. (Doc. No. 8 at 14); *see David*, 560 F.2d at 415–16 (recognizing the right of a non-party to appeal an order awarding attorneys' fees and expenses under FRCP 37). But appellee correctly points out that GMJ was not named as an appellant in the Notice of Appeal, the Opening Letter, or the Opening Brief (*see* Doc. Nos. 1, 2, 7), though GMJ was clearly referenced as an appellant in the briefing. (*See* Doc. Nos. 7, 9.) The failure to include a would-be appellant on a Notice of Appeal is normally fatal to an appeal. *See United States ex rel. Alexander Volkhoff, LLC v. Janssen Pharmaceutica N.V.*, 945 F.3d 1237, 1243, 1244–45 (9th Cir. 2020) (noting that non-compliance with Federal Rule of Appellate Procedure 3(c) and the notice of appeal's strict appellant-naming requirements creates a jurisdictional bar to appeal); *compare* Fed. R. App. P. 3, *with* Fed. R. Bankr. P. 8003. The Ninth Circuit noted in *Alexander Volkhoff*

that several cases allowed exceptions to the appellant-naming requirement for attorneys who "mistakenly appealed sanctions orders in the names of their parties[] when the attorneys signed and were otherwise named in the filings." 945 F.3d at 1245 (citing *Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1204 (9th Cir. 2007); *Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC*, 339 F.3d 1146, 1149 (9th Cir. 2003); *Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1473 (9th Cir. 1988)). All of these cases involved attorneys who were appealing sanctions imposed only on counsel—their intent to appeal those sanctions is thus self-evident. *See Detabali*, 482 F.3d at 1204; *Retail Flooring Dealers*, 339 F.3d at 1149; *Aetna Life Ins. Co*, 855 F.2d at 1473.

Here, however, the Order imposed attorneys' fees on appellants and made GMJ jointly and severally liable for those fees; both now seek to appeal the Order. This creates a potential conflict of interest; in the event the court overturns the Order only as to GMJ, appellants—GMJ's own clients—would be left alone to bear the burden of paying appellee's attorneys' fees.[1] Given this potential conflict of interest, the court cannot assume from the Notice of Appeal that GMJ intended to appeal not just as counsel to appellants but also on its own behalf. Thus, GMJ, a purported appellant not named in the Notice of Appeal, fails to meet the jurisdictional requirements for the court to hear its appeal.

## STANDARD OF REVIEW

A district court reviews a "bankruptcy court's findings of fact under the clearly erroneous standard . . . and its conclusions of law *de novo*." *Cotchett, Pitre & McCarthy v. Siller*, 520 B.R. 796, 801 (E.D. Cal. 2014), *aff'd sub nom. In Re CWS Enterprises, Inc.*, 870 F.3d 1106 (9th Cir. 2017) (internal quotation marks and citations omitted).

A bankruptcy court's "attorneys' fee determination will only be reversed if the court abused its discretion or erroneously applied the law." *In re Bennett*, 298 F.3d 1059, 1063 (9th Cir. 2002) (citations omitted). Applying that high standard, the court "will not reverse an award

---

[1] Indeed, GMJ advocates for this very outcome in the alternative. (*See* Doc. No. 9 at 2–4) (arguing that the award against GMJ cannot stand for lack of due process, even if the court declines to hear appellants' appeal).

4

of fees unless [it has] a definite and firm conviction that the bankruptcy court committed clear error in the conclusion it reached after weighing all of the relevant factors." *In re Eliapo*, 468 F.3d 592, 596 (9th Cir. 2006).

The court may affirm the bankruptcy court's ruling "on any ground supported by the record, even if it differs from the ground relied upon by the bankruptcy court." *Thrifty Oil Co. v. Bank of Am. Nat. Tr. & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2003).

## ANALYSIS

Appellants contend that the bankruptcy court erred in awarding attorneys' fees because: 1) the bankruptcy judge concluded that an award of such fees was justified as a "cost of doing business" in violation of the American Rule against fee-shifting; and 2) the bankruptcy judge failed to provide justification for the award of attorneys' fees under FRCP 37(a).[2] (Doc. No. 7 at 10–14.) Neither argument is availing.

**A.     An Award of Attorneys' Fees is Expressly Authorized by FRCP 37**

In its Order, the bankruptcy court specified that it was awarding attorneys' fees pursuant to FRCP 37(a)(5), made applicable to adversary proceedings by FRBP 7037. *Nijjar v. Salven* (*In*

---

[2] GMJ additionally argues that the bankruptcy court erred by making the award of attorneys' fees joint and several between appellants and itself. (Doc. Nos. 7 at 13–14; 9 at 3–4.) But, as noted above, the court lacks jurisdiction to hear GMJ's appeal. Even if the court had found it had jurisdiction to do so and considered GMJ's arguments, it would have rejected them. The court notes that at the hearing the bankruptcy judge three times provided GMJ an opportunity to be heard on the issue of its joint and several liability for the attorneys' fees to be awarded by the court; GMJ responded by stating

> I don't think it should be attributed to counsel, Your Honor, but I'll leave it to the Court's discretion.
>
> . . . .
>
> I can't argue against that, Your Honor.
>
> . . . .
>
> I don't have an argument for Your Honor.

(Doc. No. 7-3 at 131–33.) GMJ can hardly turn around and attempt to appeal the bankruptcy court's decision to award attorneys' fees against it after declining to present an opposition to that award at the hearing.

5

*re Nijjar*), No. 17-01066 (Doc. No. 224). Under FRCP 37(a)(5), if a party moves to compel discovery and the motion is granted,

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Despite this express rule, appellants contend that such an award, when termed by the awarding court as a "cost of doing business," violates the American Rule against fee-shifting because it lacks a statutory basis. (Doc. No. 7 at 10.) This argument is baseless. The Federal Rules of Civil Procedure are promulgated by the Supreme Court with the force of federal law pursuant to the Rules Enabling Act. *See* 28 U.S.C. § 2072; *Hanna v. Plumer*, 380 U.S. 460, 471 (1965); *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003). Whether an award is termed by the issuing court as a sanction or a "cost of doing business" is irrelevant because an award of attorneys' fees pursuant to FRCP 37 is expressly authorized by federal law, the American Rule notwithstanding. *See Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717 (1967) ("The rule here has long been that attorney's fees are not ordinarily recoverable in the absence of a statute[.]"); *Hardisty v. Astrue*, 592 F.3d 1072, 1076 (9th Cir. 2010) (noting that an award of attorney's fees cannot be made "without clear statutory authorization") (emphasis added). Thus, the bankruptcy court had a proper statutory basis to award attorneys' fees to appellee.

**B.      The Bankruptcy Court Did Not Abuse Its Discretion by Awarding Attorneys' Fees**

According to appellants, the bankruptcy court abused its discretion by awarding fees even though their refusal to comply with discovery was substantially justified. (Doc. No. 7 at 10–13.) They point to the bankruptcy court's denial in part of appellee's motion to compel as proof that there were at least some "legitimate disputes" over the contested discovery requests; they also

argue that appellee's eventual stipulation to a protective order "is an admission that [it] was justified all along." (*Id.* at 11–12.) Neither argument suffices to meet the abuse of discretion standard under which the bankruptcy court's decision is reviewed.

First, that the bankruptcy court granted in part and denied in part appellee's motion to compel is not grounds to overturn an award of attorneys' fees. In fact, the Federal Rules of Civil Procedure explicitly authorizes the court to "apportion the reasonable expenses for the motion" in such cases. Fed. R. Civ. P. 37(a)(5)(C). Second, the protective order to which both parties eventually stipulated (*see* Doc. No. 7-3 at 100–01) is narrower than the one that was last proposed by appellee (*see* Doc. No. 7-2 at 264–65) prior to the court's ruling—this can hardly be interpreted as an admission by appellee that all of appellants' objections were justified or well–founded.

Finally, a review of the hearing transcript reflects that appellants failed to provide the bankruptcy court with substantial justification for their opposition to the propounded discovery. *See* FRCP 37(a)(5)(ii); *Raygoza v. City of Fresno*, 297 F.R.D. 603, 608 (E.D. Cal. 2014) (holding that the party facing discovery sanctions carries the burden of showing that its opposition was "substantially justified"). Indeed, the bankruptcy judge had concluded that appellants had raised "arguments, but there was no evidence" for their purported justifications, even after reviewing the record of the hearing on the motion to compel discovery. (Doc. No. 7-3 at 114–15.)

Moreover, the bankruptcy judge clearly elucidated his rationale for imposing attorneys' fees. He noted the issues on which appellee prevailed, and whether he prevailed without qualification or with some limitation (Doc. No. 7-3 at 121–22); the bankruptcy judge calculated attorneys' fees using the lodestar method after examining the hours billed and the experience level of the attorneys in question (*id.* at 122–23, 128); he cited to relevant authorities in both caselaw and the FRCP (*id.* at 121–33); he determined that appellants were substantially justified in opposing discovery where he denied any production (*id.* at 126); bankruptcy judge concluded that a portion of appellants' opposition consisted primarily of unjustified "boilerplate objections" and noted that he would have been "more inclined to lean in favor of [appellants]" had their objections "been more surgical" (*id.* at 127); and, most importantly, he apportioned the requested

7

attorneys' fees based on the partial grant and denial of the motion to compel (*id.* at 129–30). The undersigned therefore concludes that the bankruptcy court did not abuse its discretion when it decided to award attorneys' fees against appellants due to their failure to substantially justify their opposition to appellee's motion to compel discovery. *See Laub v. Horbaczewski*, No. LA CV 17-06210 JAK (KSx), 2019 WL 3492402, at *14 (C.D. Cal. July 30, 2019) (upholding an award of reasonable expenses under Rule 37(a)(5)(C) where a motion to compel was granted in part and denied in part); *Kiessling v. Rader,* No. 2:16-cv-00690-GMN-NJK, 2017 WL 11310113, at *4 (D. Nev. Feb. 17, 2017) ("Even when the Court grants a motion to compel only in part, it retains discretion to award apportioned expenses. Fed. R. Civ. P. 37(a)(5)(C). The losing party has the burden of establishing substantial justification or unjust circumstances.").

**C.     Appellee Is Entitled to Attorneys' Fees for Defending Its Award on Appeal**

Appellee requests that the court award attorneys' fees for the cost of contesting this appeal and seeks an order deeming this appeal frivolous, so as to allow appellee to pursue the award of double costs. (Doc. No. 8 at 23) (citing *Legal Voice v. Stormans Inc.*, 757 F.3d 1015, 1016 (9th Cir. 2014) ("Generally, a party that is entitled to an award of attorneys' fees in the district court is also entitled to an award of attorneys' fees on appeal.") and Fed. R. Bankr. P. 8020).

As one judge of this court has explained, "[FRCP] 37(a) was designed to protect courts and opposing parties from delaying or harassing tactics during the discovery process. . . . The rationale for fee-shifting statutes . . . is that the victor should be made whole—should be as well off as if the opponent had respected his legal rights in the first place." *E & J Gallo Winery v. Encana Energy Servs., Inc.*, No. CV-F-03-5412 AWI LJO, 2005 WL 8172972, at *3 (E.D. Cal. Jan. 28, 2005) (internal quotation marks and citations omitted). Thus, a party defending its award of attorneys' fees under Rule 37 "is entitled to the reasonable expenses, including attorneys' fees, incurred in . . . defending her entitlement to this reimbursement. Nothing less will make her whole; anything less would defeat the function of Rule 37(a)[.]" *Rickels v. City of S. Bend, Ind.*, 33 F.3d 785, 788 (7th Cir. 1994); *see also Easley v. Collection Serv. of Nevada*, 910 F.3d 1286, 1292 (9th Cir. 2018) ("Most fee-shifting statute cases that award appellate attorneys' fees do so for successfully defending a judgment on appeal.").

Although the undersigned is disappointed that a discovery dispute in this bankruptcy case escalated to the point of reaching this court, particularly in light of this district's long-running and worsening judicial emergency,[3] the court cannot deem this appeal to be wholly frivolous. Appellee, however, is entitled to and will be awarded reasonable attorneys' fees and costs incurred in defending the bankruptcy court's order awarding attorneys' fees.

**CONCLUSION**

Accordingly:

1. The bankruptcy court's order on November 28, 2018 awarding attorneys' fees to appellee James E. Salven is affirmed;

2. Appellee James E. Salven is awarded attorneys' fees and costs reasonably incurred in successfully defending on appeal the order awarding him attorneys' fees; and

3. The case is remanded to the bankruptcy court with instructions to calculate appellee James E. Salven's reasonable appellate attorneys' fees and costs incurred in this appellate proceeding.

IT IS SO ORDERED.

Dated: **February 25, 2020**

UNITED STATES DISTRICT JUDGE

---

[3] *See* Doc. No. 11 for more information regarding the Eastern District of California's judicial emergency.

9